[Circuit Court of Lorain County.]

HENRY W. MANLEY V. WHEELING & LAKE ERIE RAILWAY CO.

Decided, October 12, 1902.

*Journal Entry Necessary—Making a Bill of Exceptions Part of the Record—Presumption—That the Court Below Acted in Accordance with Law.*

1. A bill of exceptions does not become a part of the record and can not be considered unless it is made a part of the record by a journal entry; the only exceptions that can be saved by noting the exception in the journal entry are such as are made to decisions and to orders of court required to go upon the journal.

2. In the absence of a bill of exceptions or a finding of facts, it will be assumed on review that the court below acted wholly within the law.

HALE, J. (orally); CALDWELL, J., and MARVIN, J., concur.

Heard on error.

The case of Manley v. The Railroad Company, error to the court of common pleas, brings before us a record of the probate court of this county, the judgment of that court having been affirmed by the court of common pleas. It is sought in this proceeding to reverse both judgments.

The case grows out of a proceeding for the appropriation of

property to the use of a corporation. Proceedings were instituted under Section 6448, Revised Statutes, which provides for proceedings to appropriate land when that corporation is in possession of the lands without any agreement with the land owner.

The proceedings were instituted by the land owner. On the trial before the probate court a bill of exceptions was taken by the plaintiff, against whom judgment was rendered; but there is no journal entry making the bill of exceptions a part of the record, and without such journal entry it does not become a part of the record and can not be considered.

Only such errors, if any, as appear in the record, excluding the bill of exceptions, are before this court. The Supreme Court have several times said the only exceptions that can be saved by noting the exception in the journal entry are such as are made to decisions and orders of the court required to go upon the journal, and are properly entered there. There is no irregularity pointed out in the proceedings up to the time the case was called for trial in the probate court.

It appears that the defendant, the railroad company, had demanded a jury to try the case. A venire had issued for the jury, and ten of the men named in the venire appeared in the probate court on the day of the trial, and the journal entry shows that the defendant withdrew its request for a jury, and consented that the issues raised be tried by the court. The plaintiff objected to the discharge of the jury, but did not demand that the case should be submitted to the jury, whereupon the jury was discharged, to which the plaintiff excepted. The case then proceeded to trial before the court, and the court having heard the evidence and arguments of counsel, reserved his decision, and later rendered a judgment in favor of the defendant, the railroad company.

The only exception taken here was to the discharge of the jury. Ten men who had been selected to act as jurors only reported, and these were discharged. Now, if we concede that it was proper to place upon the journal the fact that the venire had been recalled, or that the jurors appearing had been discharged, then there is a total failure to show for what reason,

acting on what facts the court discharged that jury. There might have been ample reasons for discharging the jury. We must assume, in the absence of any finding of facts and of a bill of exceptions, that the court acted wholly within the law. We can not assume that the court erred in discharging the jury in the absence of the facts upon which the court acted in making that order. The journal entry shows that the plaintiff did not demand a jury, but proceeded to trial without any protest or without any objection other than to the discharge of the jury.

A trial was had before the court, and decided against plaintiff in error, and we think he must abide by the result. He produced his evidence and tried his case to the court, without any objections to a trial in that way, and saved no exceptions to such trial. This would constitute a waiver on his part to a jury, to which he was clearly entitled.

When the bill of exceptions was stricken off, all rights that were undertaken to be saved to the plaintiff in error that had any substance in them were lost to him. There is nothing in the record outside of the bill of exceptions of any account.

The judgment of the court of common pleas is affirmed.